UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**LEXINGTON**

ROBERT CLEAR COAL CORP., INC., )
                                )
    Plaintiff,                   )   Civil Action No. 5:05-515-JMH
                                )
v.                              )
                                )
SPECIALTY COAL PROCESSING, INC. )   **MEMORANDUM OPINION AND ORDER**
and IKERD COAL COMPANY, LLC,     )
                                )
    Defendants.                  )

**          **          **          **          **

This matter is before the Court on Defendant Specialty Coal Processing, Inc.'s ("Specialty") motion to dismiss [Record No. 5]. Plaintiff Robert Clear Coal Corporation, Inc. ("RCCC") filed a response to Specialty's motion to dismiss [Record No. 10], to which Specialty replied [Record No. 11]. Accordingly, this matter is now ripe for decision.

**FACTUAL BACKGROUND**

RCCC is in the business of mining and selling coal. According to its complaint, Specialty and Ikerd Coal Company, LLC ("Ikerd"), the second defendant in this action, orally agreed that they would accept delivery of as much coal as RCCC would deliver. RCCC states that the parties agreed to a price of $26.00 per ton if Specialty and Ikerd delivered the coal and $28.50 per ton if RCCC delivered the coal. Per the agreed terms of the oral contract, RCCC would mine coal Monday through Saturday and Defendants would remit

1

payment for the coal on the following Friday.  RCCC claims that beginning on June 25, 2005, RCCC began to deliver coal to Specialty and Ikerd.  RCCC continued to deliver coal in June, July, and August of 2005 with Specialty and Ikerd remitting payment after the deliveries.

On or about August 13, 2005, RCCC delivered 2,512 tons of coal to Specialty and Ikerd.  As indicated by Invoice #401, Exhibit A to Plaintiff's Complaint, the total sale price of this coal was $65,312.00.  RCCC alleges that Specialty and Ikerd accepted the delivery of coal in full; however, RCCC maintains that Ikerd and Specialty paid only $25,000 of the $65,312.00 that was owed on Invoice #401.  Similarly, on or about August 20, 2005, RCCC alleges that it delivered a total of 8537.31 tons of coal to Specialty and Ikerd, a total sale price of $231,222.09, as indicated by Invoice #402, Exhibit B to Plaintiff's Complaint.  RCCC claims that it received only $113,012.57 ($105,473.09 on August 26, 2005, and $7,539.48 on September 16, 2005) from Specialty and Ikerd in satisfaction of Invoice #402.  The total outstanding balance allegedly owed to RCCC for both invoices is $158,521.52.

RCCC claims that its oral contract with Specialty and Ikerd is evidenced by a course of dealing and memorialized by invoices and tonnage sheets.  When Specialty and Ikerd failed to pay for $158,521.52 of coal they received, RCCC argues, they breached the oral contract they made with RCCC.  RCCC states that by accepting

2

coal and refusing to pay for it, Specialty and Ikerd have been unjustly enriched at RCCC's expense.

## STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the complaint. Thus, under the liberal notice pleading rules, a complaint need only put a party on notice of the claim being asserted against it to satisfy the federal rule requirement of stating a claim upon which relief can be granted. Fed. R. Civ. P. 8(a); *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (holding that "[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations"). Although a court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations, *see Cooper v. Parrish*, 203 F.3d 937, 944 (6th Cir. 2000), a court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). To survive a Rule 12(b)(6) motion, "the complaint must contain 'either direct or inferential allegations respecting all the material elements'" of the claim. *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).

## DISCUSSION

In its motion to dismiss, Specialty argues that Kentucky's applicable statute of frauds bars RCCC's claim for breach of contract.  KRS § 355.2-201 (West 2005).  Section 355.2-201(1) states the general rule:

> (1) Except as otherwise provided in this section a contract for the sale of goods for the price of $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker. A writing is not insufficient because it omits or incorrectly states a term agreed upon but the contract is not enforceable under this paragraph beyond the quantity of goods shown in such writing.

*Id.*  The statute lists four exceptions to this general rule.  Under section 355.2-201(2), commonly referred to as the "merchant's exception," if a writing sufficient against the sender is sent to confirm an oral agreement and the receiving merchant has reason to know its contents and does not object to it within ten days after receipt, the confirmation satisfies section 355.2-201(1) and the receiving merchant may be held liable on the contract if the sending merchant carries its burden of proving that an oral contract was made.

Section 355.2-201(3) describes three more exceptions:

> (3) A contract which does not satisfy the requirements of subsection (1) but which is valid in other respects is enforceable

4

> (a) if the goods are to be specially manufactured for the buyer and are not suitable for sale to others in the ordinary course of the seller's business and the seller, before notice of repudiation is received and under circumstances which reasonably indicate that the goods are for the buyer, has made either a substantial beginning of their manufacture or commitments for their procurement; or
>
> (b) if the party against whom enforcement is sought admits in his pleading, testimony or otherwise in court that a contract for sale was made, but the contract is not enforceable under this provision beyond the quantity of goods admitted; or
>
> (c) with respect to goods for which payment has been made and accepted or which have been received and accepted (KRS 355.2-606).

*Id.*

Because Specialty has raised the statute of frauds defense in its motion to dismiss, RCCC must establish the existence of an appropriate writing or an exception to this defense in order to avoid dismissal by this Court. *See Casazza v. Kiser*, 313 F.3d 414, 418 (8th Cir. 2002).

RCCC argues that it memorialized its oral contract with Specialty in the invoices attached to its complaint as well as tonnage sheets prepared by Specialty and Ikerd. The invoices, however, do not satisfy the statute of frauds. Both invoices attached by RCCC to its complaint are insufficient because neither invoice was signed by Specialty, "the party against whom enforcement is sought." KRS § 355.2-201(1). RCCC alleges that tonnage sheets prepared by Specialty and Ikerd establish that the oral contract was memorialized, but unlike the invoices, RCCC did

5

not attach any tonnage sheets to its complaint.  RCCC cannot simply
allege that the tonnage sheets satisfy the statute of frauds — the
Court must make that determination.  RCCC has failed to produce an
appropriate writing that satisfies the statute of frauds.

RCCC argues that the exception in section 355.2-201(3)(c)
applies in this case.  In its complaint, RCCC alleges that it
delivered coal to Specialty and Ikerd but neither defendant
remitted payment for this coal to RCCC.  In response, Specialty
claims that the invoices were addressed to Ikerd, not Specialty,
and therefore reflect that Ikerd, not Specialty, was the "buyer" of
the coal under Kentucky law.  KRS §§ 355.2-103(1)(a), .2-606 (West
2005).  According to Specialty, because of the manner in which the
invoices were addressed, it could not have "received and accepted"
the coal despite RCCC's claims that the coal was delivered to
Specialty.

At this time, the Court cannot dismiss RCCC's claim against
Specialty for breach of contract as it has alleged facts sufficient
to support its claim that the exception to the statute of frauds in
section 355.2-201(3)(c) applies.[1]  When deciding a motion to
dismiss, the Court must accept the plaintiff's allegations as true,

_____

[1] RCCC presented additional arguments as to why other
exceptions to the statute of frauds apply, but the Court need not
address these arguments because the exception in section 355.2-
201(3)(c) takes the oral agreement outside of the statute of
frauds.

6

and under RCCC's version of the facts, the coal delivered by RCCC to Specialty was received and accepted by Specialty.  Construing the complaint in the light most favorable to RCCC, it does not appear that RCCC can prove no set of facts in support of its claim that would entitle it to relief.

Because the Court finds that the exception in section 355.2-201(3)(c) applies, Specialty's argument that there is no equitable exception to the applicable statute of frauds is moot.

**CONCLUSION**

Assuming as true the allegations set forth in RCCC's complaint, **IT IS ORDERED**, that Specialty's motion to dismiss [Record No. 5] be, and the same hereby is, **DENIED.**

This the 11th day of August, 2006.



**Signed By:**

**_Joseph M. Hood_**

**United States District Judge**